Council, can we have appearances? First for the Appearance of the Distribution Market of SLC, LLC v. City of Peoria, and then for the Appearance of the Distribution Market of SLC v. City of Peoria. Thank you, and for the Appellate. Max Walton, on behalf of the Appellate. Thank you. Mr. Stolkin, you may proceed with your argument. Thank you. May it please the court. May it please the court. Counsel, good afternoon. The case before the court today is a statutory interpretation case from the Municipal Code 65 ILCS 5-11-31-1. More specifically, subparagraph E, which we practitioners call the fast-track demolition procedure. I don't know what the courts call it, but that is sometimes the phrase used. The issue is specifically, when can a party file a complaint to challenge a proposed proceeding under the fast-track statute? The language that the court needs to examine specifically is the following. Before the municipality proceeds with any of the actions authorized by this subsection, a party can file a complaint to challenge the action by the municipality. What occurred in this case was my client, JB Distribution, owned a building in the city of Peoria. The city sought to remediate various problems with the building over a couple year period, but unfortunately there was a failure to communicate where all of the notices were sent to the wrong addresses. Eventually, JB Distribution found out about all of the city's alleged violations after the city placed a notice on the building requesting that it be demolished. The issue at the time was that there was a hole in the roof of the building that the city wanted closed up. There was no dispute that the hole was there, that vagrants were getting inside the building and that it needed to be closed. The first time that JB Distribution learned of this issue, as it is when you call the case, SLC stands for Salt Lake City. It is a Utah-based LLC. My client bought the building with the plans to relocate his business from Utah to the city of Peoria, but he does not physically live in the city of Peoria, so he wasn't there to drive by and see the notice. He received the notice in the mail via the certified mail requirements of the statute. When he did, he began negotiating with the city to repair the issue, which was the hole in the roof. He sought out a contractor to fix the hole in the roof. There were some negotiations with prior counsel before my involvement to do that. Eventually, the city decided, well, this has gone on for too long. You haven't done this in a timely manner. We want to move forward with the demolition. Without any notice to my client, the city went to the property and put a fence up around the building. Was your client entitled to additional notice beyond that which had been given previously? I don't believe so under the language of the statute, and I think that is an important point that you bring up. Because when we have to examine the totality of the statute, the fact that it doesn't require the city to say, hey, we're going to do this tomorrow, or we're going to do this next week, I think that needs to be taken into account when we're setting the statute of limitations. Because if the city was going to say, we're going to do this actually next week, then I would have said, well, I've got to get off my behind and get this filed. Instead, what occurred was the city said nothing. And I'm not saying they're required to say anything under the statute, because I don't believe the statute requires them to do that. But they went out and put up the fence. My client, who just happened to be in town, flew in and said, hey, they're putting up this fence. We filed our complaint the next day to challenge the demolition. Do you agree that you have lost, by the passage of time in that event, the ability to challenge the erection of the fencing? I believe if their only action authorized, quote, under the statute was we need to put up a fence, I would agree with you that we wouldn't be able to challenge the fencing in of the property. But in this case, the fencing in, as the city has argued, they weren't out to fence in the property. Their notice was a notice of demolition. We're going to demolish this property. And the trial court took that issue of putting up the fence as being the first act toward the demolition. I don't believe we're challenging the fence. And I think as we argued in the trial court, they can't demolish the building with the fence up, right? The fence has to come down before they can drive a bulldozer into the building. So the permanency of the fence isn't really an issue. The issue was that the trial court thought that when the statute said proceeding with the action authorized, that, well, they put up the fence, so they proceeded. But as Your Honor pointed out, we weren't challenging the fencing. And I think if we were here today and they said all we wanted to do was fence it, I would probably lose because I didn't file it before the fencing. Absent the arguments of, well, we were negotiating, and you probably should have told us before you put this up. Not in the dead of night, but without any notice. The issue with the statute and what the trial court's ruling was about taking a step toward the demolition is that the statute just doesn't say that. The statute says it doesn't require that a complaint be filed before the city starts making plans for demolition. That was the city's argument, and the trial court was that, well, it takes a lot of steps to demolish a building. I don't dispute that it takes a lot of steps to demolish a building. Council was certainly involved with the city to get this approval before they put the notice up. They had to find a contractor. They had to hire a contractor. They did some testing. They talked internally. There are a lot of things that they did to plan for this demolition. But if that is all that it took to foreclose someone's right to challenge a demolition, I would assert that no demolition is ever going to be timely challenged. Because before they ever attached that notice to the site of the building, they already had discussions about wanting to demolish it. Otherwise, they wouldn't have put the notice up and started this procedure. Well, I guess my interpretation would be that with that notice having been posted, and you know the clock is running on the 30 days, right? Just like a personal injury plaintiff can't say, well, I know the statute of limitations expired on this date, but we were negotiating a settlement. That doesn't work for him. Why would it work for you? Because the language of the statute is not, the language of foreclosure of a complaint to challenge the action is, for whatever reason, not tied to that 30-day deadline, as you know. You have a 30-day deadline to remediate the problem with the building, as the city proposes. The issue is, someone like my client could say, the remediation that you want as a city is too far. We don't need to do all of that to fix the hazard at issue. And that was really the issue here was what the city wanted versus what my client thought was necessary to remedy the hazard. And that's why they wanted to go into the trial court and say, look, demolition is too far. We don't need to demolish this building. We can fix the hole in the roof. We can close up the building. And then the supposed hazard of it being open is over. The statute does say you have 30 days to remedy the hazard. My client didn't want to demolish his building to remedy the hazard. He wanted to fix the issue, and he tried to negotiate with the city about how far do we need to go to remedy the hazard. The language of the statute, while it gives you 30 days to remedy it, it does not tie the deadline of filing a complaint to the 30 days. It would have been logical if they had done that. You've got at least 30 days, right? 30 days and then up to the point the city begins its action. But we have to get more specific about that in a minute. Yes. But in general, it's 30 days plus whatever that is. It's 30 days to you as a property owner, on your own, can remedy the hazard and stop the action.  My point is that the city has to wait that 30 days. Yes. It doesn't matter whether you do or don't act. The city's got to wait that 30 days. So you know at the expiration of the 30 days you're at risk for the city moving ahead. We do know we're at risk, and I think the issue with that 30-day notice, as was argued previously in the trial court, is if the city is right that mere steps toward it, planning toward it, that could have occurred within the 30-day window. I know they have to wait, but now they're saying, well, we did all this planning. That planning occurred in the 30-day window. Some of it occurred before the 30-day window. And under the trial court's interpretation of the statute, the right to file that complaint could have ended in the 30-day window, even though they have to wait, based on the trial court's reading of the statute. That doesn't make any sense, per your point. If they have to wait 30 days, how can they foreclose an action by saying, well, in that 30 days we did this asbestos testing, or within that 30 days we hired the contractor. Those are steps in the planning of the demolition. The trial court would say that's enough to foreclose it. That was contrary to the entire idea of the 30 days. But as you mentioned, once the 30 days are over, then we get into this other language about when is your complaint untimely. So the 30 days runs. We don't file our complaint because we're negotiating. Then we get into the language of the statute as the action authorized by the subsection proceeded. The action authorized was demolished. Roll back that sentence a little bit earlier, because this is the part that I don't think favors you. There's another part that's different, but it says, if, however, before the municipality proceeds with any of the actions authorized by the subsection, and then so forth. Does that mean as long as they put up fencing, as long as they pick up garbage, as long as they do one of the things that they can do under the statute, that your challenges are all done? I don't believe so, Your Honor, because if you continue to read the paragraph, you get to the point that talks about remedying the hazard at issue, that the property owner wants to challenge. The double that, where it says, if the court determines that, that action is necessary. Because let's say that the issue was there's a bunch of garbage on the property, and they go out and they pick up some garbage and then say, well, also, we want to demolish the building, and you didn't do it in time. But that had to be in the first notice. Well, the notice, it would have to be. And the first notice doesn't say, hey, we're putting up fencing. It says we're demolishing the building. The first notice says, here's all the things we could do under the statute, and we're going to do them.  It doesn't tell you exactly what it is. The only way for you to figure that out is to negotiate or talk to the city. As we just talked about, the statute, for whatever reason, doesn't require the city to tell you anything beyond the list of things it has to do. It has to put that very generic notice up. Here are the things that we want to do. And my client would not, if they said, well, we want to put a fence up before you decide to repair it, my client would probably have said, fine. But once they put the fence up, he has to assume, okay, now we're moving forward with demolition. But he doesn't know that. The city never said, we're going to move forward with demolition after we put the fence up. They just put the fence up, and we had to file it, assuming now they're moving forward. It wasn't as if there was any information that was provided saying, this is the end. We put the fence up. We're done. Don't worry about it. It was, now we know we've got to file. So you alleged in your complaint that demolition had not begun.  And the way I read the trial court's finding, he seemed to find that demolition had begun. He had. And the issue there is what does proceeds mean, and what does planning, taking steps toward those things. The first thing I would note is the statute doesn't say planning. It doesn't say working toward. It says proceeds with the action. Isn't the issue we're deciding this on a 619 motion, and you've already alleged it? It is already alleged, and the court's going to take it as true. But I think when we're looking at the statutory interpretation of the word action, those are not actions as we would normally think of them as attorneys and justices, but in the literal sense of actions, the action of demolition, the action of picking up garbage. If someone went out there with a sledgehammer and knocked a bunch of bricks down, I would say, yes, they've begun demolition. They haven't begun demolition. They've begun planning for demolition. And that was the city's argument to the trial court was, we have done enough to begin demolition by these actions of planning. But when we're required to strictly construe the statute in favor of my client, and when we have to limit it to its words and what is necessarily implied by those words, planning is not among them. It is the action authorized. And the action being challenged is demolition. There has been no demolition that ever started before the complaint was filed. What the trial court actually said was that, well, if they take a, quote, physical act, close quote, toward the ultimate action that they want to take, that's enough. And I would argue that that's going to create a statute that is going to be unconstitutionally made because we're going to have trial courts saying, well, one, what's a physical act? And at some point, my counsel would have talked to someone at the city and said, hey, move forward with this. Talking is a physical act. You have not challenged the constitutionality of the statute. Is that fair? I have not, but I have raised that what the trial court's interpretation would lead to is a path toward unconstitutional vagueness. I don't believe we've reached that point in this case because right now we're just determining is this even the actual interpretation. If it is, I would say it's vague. That argument was made in the trial court, but I don't think we need to reach that issue because first we need to say what does the actual language of the statute mean. And it doesn't say when you take a physical act toward the ultimate action because that's really just a slippery slope for any finder of fact to say, well, like in this case. Well, talking wasn't enough. Hiring the contractor wasn't enough. But the second someone went out there to put the fence up, that was enough. Was it when they put the fence in the truck? Was it when they got in the truck? Was it the night before when the city said, hey, go out and do this tomorrow? Those are all physical acts. And we know that a statute is vague when no one can determine when that actual event starts or ends. And here my client can't know that. Just like he can't also physically know that because the statute doesn't require him to tell them anything. My client learned that asbestos testing had been done inside his building when he sent a FOIA request to the city and he found out about it. He didn't know they had gone into the building to do it. He didn't know they were planning on doing it. So there was literally no way for him to know if that is the deadline that the complaint ran by that he had to file. Except that the 30-day window gives you knowledge that it could happen any day after that period of time. It could happen. But the statute doesn't require him to file the complaint within that 30-day window. Nothing in the statute requires him to. Should he have done it? Should he have hired an attorney earlier? Probably. Safety's sake, he should have. But is he required to do that under the terms of the statute? No. But you agree if the city had clearly started demolition on the 31st day, he's SOL? Yes. Absolutely. No question. Someone on the 31st day goes out there and he takes a hammer and whacks the brick off and he calls me the next day and says, I want you to file this complaint. I would have told him I can't do anything for you. But when he called me, nothing had happened other than the negotiations had fallen through and then the fence got put up. And there's no challenge to the fence. The challenge is to what they ultimately want to do. And no court has said demolition, that has to be done to remedy the hazard. Never been reached. This is allowing the city on its own whim to decide, this is what we think is enough. And a court has never reached that decision about is that enough or not. It was merely that you didn't file this on time, even though the action that we say that goes too far has never occurred. To this day, it's never occurred. If it proceeds with, is this undefinable? I don't know how the court will ever, without rewriting the statute, say 30 days, you've got to file within 30 days. Which it clearly doesn't say. The statute is going to be unknowable in every instance. Because there's always going to be a municipality who's going to say, something can move it further back in the chain. It's only giving you more time than 30 days, right? That's the only operation of that language. If it had said 30 days, you couldn't get more. The way it's written, it's 30 days plus potentially more. We just don't know because we don't know in the city a lot. It's 30 days to remediate. It's not 30 days to challenge the action. It's 30 days to do the remediation that they want. But still, you're looking at the wrong part of it. We're looking at the fact that the city can't act until that 30 days is done. And that's, you know, after that you're at risk. Yes. You're right. The 31st day, they can do it. But if they don't do it on the 31st day, you can file a complaint to challenge it. If they have 120 days under the statute to do this, and if they don't do it at any point in those 120 days, you can still file your complaint as long as they don't start with the demolition. And there's no argument here that they have started with the demolition itself, the act of demolishing. That has never occurred here. They merely did things to lead up to the act of demolition. And the statute just doesn't require my client to file a complaint. He's not going to file a complaint until the action he wants to challenge has actually begun. The city talks about, well, we have to do this as best as testing, which they cited a code of federal regulation. But nothing in the statute says, well, if they do some testing, you're foreclosed. It doesn't say that. That is not the action authorized by the statute. The action is the demolition. And because the demolition never happened. Or removing a noxious or unhealthy substance. Yes. The actual issue that they wanted to do was demolition. There was no, and I don't know if I believe, there was no knowledge of any asbestos at the time that the notice was posted. The notice was posted over the hole in the roof. The asbestos issue came up later on after. So I'm going to ask the court to construe the statute in favor of my client. To construe it and limit it to its expressed language. And its expressed language is, since the action of the demolition had not proceeded at the time the complaint was filed, the complaint was timely. Thank you. Thank you, Mr. Sogan. We don't have time for rebuttal. Mr. Walton, you may proceed. May it please the court. Opposing counsel. The appellant likes to describe the process of demolition. We agree there's going to be multiple steps that are required in order to demolish a property. However, the appellant doesn't acknowledge that there's a difference between steps like planning, securing money, determining that the building actually qualifies for this, and steps that actually require statutory authority in order to perform. We couldn't just go onto the property to do that testing prior to that 30-day window closing. I argue that the word demolition in the statute requires all of those steps, not just the actual fiscal act of removing the building. So when we look at proceeds with the authorized acts. Is it your argument that the city has not proceeded with demolition at the time the complaint was filed? The fiscal act of removing the building? Yes, but the actual process of demolition? No, we haven't. Okay, but the statute doesn't talk about the process. It talks about the action, and the action would be one of those listed. Here's my concern. This is on a 619 motion. 619 motion means that we have to accept the truth of the pleadings. The pleading says, alleges, the city has not proceeded with demolition at the time of filing the complaint. I don't know how we get around that to start arguing about whether it really did start by virtue of the preparation. I would say looking at the language of the statute, nowhere in the entire statute does it give a city the power to do all these extra steps beyond just, if we take the word demolition as just a fiscal act of removing, nowhere in the statute does it give a city the power to do all these extra required steps like asbestos testing, putting up a fence, removing utilities. As far as a fence, there is enclosure specifically mentioned in the statute. Correct. To appellant's claim, the ultimate goal of the fence was not to just enclose the building. It was a necessary step to demolish the property. The ultimate aim of the fence was not to just enclose the property. But going back to the process of demolition, nowhere in the statute does it give us the power to go onto the property to do the asbestos testing. So if we take demolition as just a fiscal act of removing a building, if we were going to the property to do that asbestos testing, the property owner could then say, get off my property. You're trespassing. You don't have the authority to do so. You only have the authority to remove the building. However, that would be absurd to think that the legislature didn't intend to give all of these necessary steps to the city. So once we begin an actual fiscal act on the property that we needed that statutory authority to perform, we then proceeded because the only language in the statute where we have the power to do that action is from the word demolition. Yeah, but this is a dismissal. So the things that you're talking about, you're basically talking about contesting facts or contested facts. If the allegation is demolition hadn't proceeded, trial judge just has to take that as a given, notwithstanding your definition of demolition. So it may become something relevant further down the pike. But based on the procedure here with 2619, how do we get around the fact that it's alleged that it was not undergoing demolition? In my opinion, looking at the language of the complaint, when they use the term demo in the complaint, the actual petition, what the statute means for demo, there's going to be some disconnect. If the appellate, the property owner, thinks that demolition is just removal of the building, if that's what he's referring to, he's not referring to that process. He doesn't state in there that we hadn't actually gone onto the property to do that. He didn't have to resolve all inferences in favor of the pleader. And so when inferences, they haven't started demolition. Within the motion to dismiss, I definitely see your point that we have to take what's in the complaint as well, I don't know then where the statute gives a city the power to then foreclose on a complaint if it's not timely. Maybe actually within that hearing on necessity. Procedurally, it would be, I don't necessarily know how the legislature intended a city to then foreclose on a timely complaint, if not through a motion to dismiss. Right, but it doesn't change the rules on a motion to dismiss. That's correct, yes. Yeah, I don't have anything else to add beyond just what the term demo means in the statute, but if we're taking what the appellate had put up in the complaint, and that the motion to dismiss was just not the proper procedural remedy to foreclose that complaint, then I definitely see what the court is referring to. Other than that, I'm asking the court to affirm the trial court's ruling that the city had proceeded under the statute by physically going onto the property that we needed statutory authority to perform. I appreciate your time, thank you. All right, thank you, Mr. Welch. Mr. Sorkin, rebuttal argument? Thank you, Your Honor. The only thing I'd like to add based on counsel's argument is this question of necessity. You know, is this a necessary step of demolishing the building? I don't want to beat it at a horse, but the action of demolishing is not the same as necessary. But more importantly, fencing in the building is not necessary to accomplish the demolition. As counsel just stated, the city's intent was not we're going to enclose it, it was we're going to eventually demolish the building. They put the fence up to eventually demolish the building, and as the complaint stated, the demolition had not occurred at the time the complaint was filed. There was no demolition at the time. Counsel's argument, the fence is unrelated to the actual act of demolition. Thank you. Okay, thank you. Thank you both. In the case that be taken under advisement, the court will issue a written decision. Court stands in recess.